**FILED**
**Mar 10, 2020**
**03:00 PM(ET)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Robert Cummings,** | ) | **Docket No. 2017-01-0748** |
| **Employee,** | ) | |
| **v.** | ) | |
| **American Medical Response of** | ) | **State File No. 23571-2017** |
| **Tennessee, Inc.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | **Judge Audrey Headrick** |
| **Indemnity Ins. Co. of N. America,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

Mr. Cummings asked the Court to order American Medical to authorize the back surgery recommended by Dr. Jay Jolley and reinstate his temporary disability benefits. For the reasons below, the Court orders American Medical to provide the surgery and additional temporary disability benefits.

### History of Claim

The facts of this case are undisputed. Mr. Cummings injured his back on March 8, 2017, while lifting a patient. Dr. Jolley, his panel-selected physician, later performed two laminectomy surgeries. Despite those surgeries, Mr. Cummings remained in constant, daily pain. Due to the "severity of persistent [right lower extremity] radicular pain," "weakness and numbness in both feet," and, "instability L4-S1," Dr. Jolley recommended a fusion surgery on May 5, 2019.

American Medical submitted the surgical recommendation for utilization review (UR), and the reviewing physician found the procedure not medically necessary under the Official Disability Guidelines. The Bureau's assistant medical director upheld the UR denial for the same reason.

1

In response to the denial, Dr. Jolley stated that his "request for surgery falls within the treatment guidelines and is absolutely medically necessary." Dr. Jolley explained that Mr. Cummings's severe, worsening radiculopathy, unfruitful conservative treatment, and unsuccessful discectomies warranted the recommended surgery. Further, Dr. Jolley concluded that, without the surgery, Mr. Cummings will need ongoing pain management and lifelong follow-up care.

Dr. Jolley also addressed Mr. Cummings's inability to work. He stated Mr. Cummings remained temporarily totally disabled and was not yet at maximum medical improvement (MMI). However, without the surgery, Dr. Jolley indicated that Mr. Cummings reached MMI on July 16, 2019. Based on Dr. Jolley's testimony, American Medical stopped paying temporary total disability benefits on November 11.

## Findings of Fact and Conclusions of Law

### Standard Applied

Mr. Cummings must present sufficient evidence demonstrating he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds he did.

### Medical Benefits

The first issue is whether Mr. Cummings is entitled to the recommended surgery. The Workers' Compensation Law provides that American Medical must provide Mr. Cummings with medical and surgical treatment ordered by Dr. Jolley, the authorized treating physician, if it is reasonably necessary for the work-injury. Tenn. Code Ann. § 50-6-204(a)(1)(A). Any treatment recommended by Dr. Jolley "shall be presumed to be necessary for treatment of the injured employee."[1] *Id.* at § 50-6-204(a)(3)(H).

To resolve this issue, the Court must determine if American Medical rebutted the presumption of medical necessity attached to Dr. Jolley's recommendation. Because Dr. Jolley recommended surgery for Mr. Cummings's back, the law presumes that the surgical treatment is medically necessary. This presumption is rebuttable by a preponderance of the evidence.[2] *Morgan v. Macy's*, 2016 TN Wrk. Comp. App. Bd.

---

[1] Tennessee Code Annotated 50-6-204(a)(3)(H) provides a presumption of medical necessity for "any treatment recommended by a physician or chiropractor selected [from a panel] or by referral, if applicable."

[2] Dr. Jolley stated his "request for surgery falls within the treatment guidelines[.]" Aside from this general statement, nothing indicated that Dr. Jolley's surgical recommendation explicitly follows or is reasonably derived from the ODG. Therefore, the presumption of medical necessity rebuttable by clear and convincing evidence is inapplicable. *See* Tenn. Code Ann. § 50-6-124(h).

LEXIS 5, at *14 (Mar. 12, 2015). After reviewing the evidence, the Court holds it did not.

Despite the presumption of medical necessity, the Workers' Compensation Law provides a UR system to consider any treatment recommended for the injured worker. Tenn. Code Ann. § 50-6-124. UR provides an "evaluation of the necessity, appropriateness, efficiency and quality of medical services . . . provided to an injured or disabled employee based upon medically accepted standards and an objective evaluation of the medical services provided[.]" Tenn. Comp. R. & Regs. 0800-02-06-.01(20) (June 2017). This is done with a record review by an "advisory medical practitioner" to determine whether the proposed procedure is medically necessary. *Id.* at 0800-02-06-.03.

American Medical submitted Dr. Jolley's surgical recommendation to UR. The reviewing physician applied the guidelines and determined that the surgery was not medically necessary, and the assistant medical director upheld the denial.

These physician decisions present the Court with conflicting medical opinions about the reasonableness and necessity of the proposed surgery. A trial court has the discretion to choose which expert to accredit when there is a conflict of expert opinions. *Brees v. Escape Day Spa & Salon*, 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015). In evaluating conflicting expert testimony, a trial court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts." *Id.* Further, it is reasonable to conclude that the physician "having the greater contact with [the injured worker] would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 677 (Tenn. 1991).

Considering the various opinions, Dr. Jolley treated Mr. Cummings conservatively after performing two laminectomies and relied upon his observations and findings to conclude that Mr. Cummings needed surgery based upon his severe, worsening pain and radiculopathy. The reviewing physician, on the other hand, performed a one-time record review and relied upon the treatment guidelines in denying the recommendation. After learning of the UR denial, Dr. Jolley stood by his recommendation and explained that the surgery is medically necessary.

The Court has "authority to assess the validity of the utilization review reports and determine the relative weight to be given those physicians' opinions as well as other expert medical opinions." *Venable v. Superior Essex, Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 56, at *9 (Nov. 2, 2016). After considering the conflicting medical opinions, the Court finds that the reviewing physician's opinion is insufficient to overcome the presumption of correctness afforded Dr. Jolley's opinion. Therefore, the Court holds Mr.

3

Cummings is likely to prevail at a hearing on the merits in proving that he is entitled to the surgery.

*Temporary Disability Benefits*

The next issue is whether Mr. Cummings is entitled to additional temporary total disability benefits. To recover these benefits, Mr. Cummings must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection between the injury and his inability to work; and (3) the duration of his disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Here, Dr. Jolley stated that Mr. Cummings remains temporarily totally disabled due to his work injury, and he is not yet at MMI until after undergoing the recommended surgery. Since the Court is ordering American Medical to provide the surgery, it must also reinstate Mr. Cummings's temporary disability benefits. Therefore, the Court holds Mr. Cummings is likely to prevail at a hearing on the merits in proving that he is entitled to temporary total disability benefits from November 12 forward.

**IT IS, THEREFORE, ORDERED** as follows:

1. American Medical shall provide Mr. Cummings additional medical treatment for his back injury with Dr. Jolley, including the recommended surgery, under Tennessee Code Annotated section 50-6-204.

2. American Medical shall pay past-due temporary total disability benefits at the agreed weekly compensation rate of $410.11 in the lump-sum amount of $7,030.46.[3]

3. American Medical shall continue to pay temporary total disability benefits until Mr. Cummings is no longer eligible for those benefits.

4. This case is set for a Status Hearing on **Tuesday, May 19, 2020, at 10:00 a.m. Eastern Time**. The parties must call (423) 634-0164 or toll-free at (855) 383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer or Carrier must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the

---

[3]The parties stipulated that Mr. Cummings's average weekly wage is $615.13.

4

seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for noncompliance.

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED March 10, 2020.**

_____

**JUDGE AUDREY A. HEADRICK**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Mr. Cummings's Records Index:
   a. Affidavit of Robert Cummings
   b. Affidavit of Jay Jolley, M.D.
   c. Medical records of Dr. Jolley
   d. Operation Record of Dr. Jolley
2. American Medicals's Exhibits:
   a. Peer review report
   b. Medical Director's report
   c. Medical Director's supplement to the ODG
3. Printout of last TTD check payment

Technical record:
1. Order Referring Claim to Mediation
2. Petition for Benefit Determination
3. Agreed Order
4. Dispute Certification Notice
5. Request for Expedited Hearing
6. Notice of Expedited Hearing
7. Employee's Brief Supporting Petition for Benefit Determination
8. Employer's Brief Denying Petition for Benefit Determination
9. Employee's Motion to Amend Dispute Certification Notice
10. Employer's Response to Employee's Motion to Amend Dispute Certification Notice
11. Employer's Supplemental Exhibit to Benefit Determination Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 10, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Lew Belvin, Tim Henshaw, Employee's Attorneys | | X<br>X | lew.belvin@mcmahanlawfirm.com<br>tim@mcmahanlawfirm.com |
| Fred Clelland, Employer's Attorney | | X | fclelland@raineykizer.com |

_Penny Shrum_ w/permission JD

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

7



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

**Employee** _____

v.

**Employer** _____

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on _____   ☐ Other Order filed on _____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____   ☐ Employer ☐ Employee

Address: _____   Phone: _____

Email: _____

Attorney's Name: _____   BPR#: _____

Attorney's Email: _____   Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $_____ per month | beginning | _____ |
| SSI | $_____ per month | beginning | _____ |
| Retirement | $_____ per month | beginning | _____ |
| Disability | $_____ per month | beginning | _____ |
| Unemployment | $_____ per month | beginning | _____ |
| Worker's Comp. | $_____ per month | beginning | _____ |
| Other | $_____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                          RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082